UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                    NO. 2:22-CR-35-KHJ-MTP-1

LAVARIS MARCEL EVANS

ORDER

Before the Court is Defendant Lavaris Marcel Evans's ("Evans") [54] Motion for Sentence Reduction Under 18 U.S.C. § 3582 (c)(1)(A). The United States of America ("the Government") opposes the [54] Motion. *See* Resp. [61]. For the reasons stated below, the Court denies the [54] Motion.

I.   Background

In September 2022, a grand jury returned a two-count [10] Indictment charging Evans with possessing methamphetamine with the intent to distribute (Count One) and being a felon in possession of a firearm (Count Two). [10] at 1. Several months later, Evans pled guilty to Count One of the [10] Indictment. *See* 01/10/2023 Min. Entry; [23] at 1. The Court later sentenced Evans within the guidelines to 169 months of imprisonment, followed by 5 years of supervised release, and ordered him to pay at $5,000 fine. J. [30] at 1–3. Evans did not appeal his conviction or sentence. But he later moved to vacate his sentence under 28 U.S.C. § 2255, which the Court denied. Order [38].

Evans then moved this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), claiming he qualifies for relief under the "Unusually Long Sentence" provision of the U.S. Sentencing Guidelines Policy Statement. [54] at 3. In opposition, the Government responds that Evans did not exhaust his administrative remedies, his offered reasons are neither extraordinary nor compelling, and the Section 3553(a) factors do not merit a reduction. Resp. [61].

II.     Legal Standard

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). A compassionate release motion may be made by either the BOP or a defendant, but a defendant may file such motion only after he exhausts his BOP administrative remedies. *Id.* § 3582(c)(1)(A). If the defendant satisfies the exhaustion requirement, the Court examines whether the defendant has shown that (1) extraordinary and compelling reasons warrant such a reduction and (2) such a reduction is consistent with the Sentencing Commission's applicable policy statements.[1] *Id.* If the Court makes those two findings, the Court considers whether the sentencing factors in 18 U.S.C. § 3553(a) counsel for or against release. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

---

[1] The applicable policy statement is U.S.S.G. § 1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)) ("Policy Statement").

III.   Analysis

A.  Exhaustion of Administrative Remedies

The Court first determines whether Evans exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A)(i).

An inmate—like Evans—has "two routes by which he may exhaust his administrative remedies." *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021). He must begin by "requesting that the BOP bring a motion on [his] behalf." *Id.* (citation modified). After he does so, he has two options. *Id.* First, he "may wait for a response from the BOP and seek further administrative review of that response (assuming it is adverse)." *Id.* (citation modified). If he chooses this path, he may only come to district court after he has "exhausted all administrative rights to appeal." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)). Alternatively, an inmate "may wait 30 days after filing his request and—whether BOP has ruled on the request or not—he is free to file a motion in the district court." *Id.*

Evans attached an email he sent to "Warden Graham" on May 30, 2025, where he requested that BOP submit a sentence reduction request to this Court for him because of his unusually long sentence. *See* Email [54-1]. More than 30 days passed before Evans filed his [54] Motion on August 6, 2025. *See generally* [54]. Under this timeline, Evans may have satisfied Section 3582(c)(1)(A)'s exhaustion requirement. The Government says he has not. Resp. [61] at 5-6. It says BOP has no letter or administrative request on file but provides no explanation for Evans's proffered email to the Warden. *Id.* Accordingly, the Court finds that Evans's email

3

is enough. So the Court finds that Evans exhausted his administrative remedies and turns now to the merits of his request.

B.  Extraordinary and Compelling Reasons

Having satisfied the exhaustion requirement, Evans next must establish that "extraordinary and compelling reasons" justify a sentence reduction. *United States v. Hernandez*, No. 24-10734, 2026 WL 228770, at *2 (5th Cir. Jan. 28, 2026) (per curiam). In 2023, the United States Sentencing Commission amended its Policy Statement, which informs the Court's analysis here. *See* U.S.S.G. § 1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement")). The Policy Statement now contains a non-exclusive list of six extraordinary and compelling reasons that could warrant a sentence reduction. *See* U.S.S.G. § 1B1.13(b)(1–6).

Evans seeks early release for one reason—an "unusually long sentence." [387] at 4–5.[2] This argument fails.

A defendant may be eligible for compassionate release if he "received an unusually long sentence and has served at least 10 years of the term of imprisonment." U.S.S.G. § 1B1.13(b)(6). If he satisfies these initial criteria, then

> a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but *only* where such change would produce a gross disparity between the sentence being served and the sentence likely to

---

[2] To the extent that Evans also objects to the calculation of his sentencing guideline range related to firearm possession and methamphetamine actual enhancements, he cannot use a Section 3582 motion to relitigate his sentencing. *See United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023).

4

>be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* (emphasis added).

Evans does not meet these initial criteria. First, Evans has not shown he received an unusually long sentence. In fact, his 169-month sentence was within the lower 50% of the 151 to 188-month guideline range. And Evans has not served at least 10 years of his prison term. For these reasons, Evans has failed to establish that the length of his sentence is an extraordinary and compelling reason under the Policy Statement.

C. Section 3553(a) Factors

Even if Evans had established an extraordinary and compelling reason, the Court may still deny a reduction in sentence where the Section 3553(a) factors weigh against such relief. *See United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). While weighing the factors, the Court's task is to "impose a sentence sufficient, but not greater than necessary." § 3553(a). The Court has done so, *see* J. [30], and it reinforces its decision here.

Evans points to his family's support, his "strong need to provide family support," his acceptance of responsibility,[3] among other things, as reasons justifying sentence reduction. [54] at 8. While commendable, the Court considers other factors, such as the nature and circumstances of his offense, his history and

---

[3] This Court already granted Evans acceptance of responsibility, lowering his offense level. [28] ¶¶ 39–40.

characteristics, the need for the imposed sentence, pertinent policy statements, the need to avoid sentencing disparities, and more. *See* § 3553(a).

Evans pled guilty to a serious, dangerous offense—possession with the intent to distribute 50 grams or more of methamphetamine. *See* [28] at 10; *see also United States v. Sanchez*, No. 3:14-CR-39, 2021 WL 3713459, at *6 (S.D. Miss. Aug. 20, 2021) ("Drug offenses are by their nature dangerous to the community." (cleaned up)). He committed this drug offense while in possession of a firearm. [28] at 32.

Evans is 41 years old, and he has served about 42 months of his 169-month term of imprisonment. [28] at 2; 07/5/2023 Min. Entry. This isn't his first conviction. [28] ¶¶ 68-81. Evans has prior convictions for possession of cocaine and benzylpiperazine, two DUI convictions, possession of drug paraphernalia, two convictions of marijuana, and a conviction for resisting arrest. [28] ¶¶ 68–81. This Court found, and still finds, that a sentence in the lower 50% of the guideline range was appropriate to reflect a just punishment, to provide adequate deterrence, and to protect the public from further crime. J. [30]; SOR [29]. Again, this is not Evans's first conviction. The Court also ordered Evans to pay a $5,000 fine. *See* J. [30]. As of September 2025, Evans still owed $4,161.98. Resp. [61-2].

The Section 3553(a) factors disfavor a reduction. In sum, given the seriousness of the offense, and Evans's criminal history, the Court declines to use its discretion to reduce Evans's 169-month imprisonment term.

6

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, a reduction of Evans's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is unwarranted. The Court DENIES the [54] Motion.

SO ORDERED, this 11th of February, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE